**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Lawren John Barse, Sr.,                                      Case No. 22-cv-2877 (MJD/DJF)

        Petitioner,

v.                                                          **REPORT AND RECOMMENDATION**

 State of Minnesota,

        Respondent.

This matter is before the Court on Lawren John Barse, Sr.'s Petition for a Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254 (ECF No. 1). Mr. Barse raises two claims in his Petition. First, he challenges a 2021 Minnesota state court revocation proceeding in which the court revoked his probation, arguing the judge failed to adequately explain the rationale for revocation under applicable Minnesota state court precedents. Second, he challenges his sentence on a charge of driving while impaired on grounds that the judge failed to comply with applicable state statutes in imposing a five-year term of conditional release, thereby exceeding the statutory maximum without a jury finding in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). Mr. Barse's Petition primarily brings challenges under state law. And to the extent Mr. Barse contends the state court's decisions violated federal law or the Constitution of the United States, he fails to state a viable claim for relief. The Court recommends the Petition be dismissed for these reasons.

I.      **BACKGROUND**

Mr. Barse pled guilty and was sentenced in 2016 to first-degree driving while impaired and fifth-degree controlled substance possession charges in Minnesota state court. *State v. Barse*, No. A21-1593, 2022 WL 2125381, at *1 (Minn. Ct. App. June 13, 2022), *review denied*, (Aug. 23,

1

2022).    Consistent with the parties' plea agreement, the trial judge sentenced Mr. Barse to concurrent prison terms of 46 months and 19 months and ordered that the execution of his sentences be stayed. (ECF No. 7 at 13–16.)[1]    The judge further sentenced Mr. Barse on the impaired driving conviction to seven years of supervised probation, and on the controlled substance conviction to five years of supervised probation (*id.* at 14-16).   The judge conditioned the stay of execution of these sentences on Mr. Barse remaining law abiding and maintaining contact with his probation officer, among other terms (*id.* at 15-17); *see also Barse*, 2022 WL 2125381, at *1.   The State of Minnesota later transferred Mr. Barse's probation supervision to South Dakota.  *Id.*

In September 2018, Minnesota Probation Parole Agent Megan Bader received information from South Dakota authorities that, roughly nine months earlier, Mr. Barse had absconded from supervision (ECF No. 7 at 39–41).   South Dakota authorities further informed her Mr. Barse had a warrant outstanding for his arrest for an aggravated assault that occurred in November 2017 (*id.* at 41, 79).  Agent Bader applied for a nationwide warrant for Mr. Barse's arrest, which a Minnesota district court issued on September 20, 2018 (*id.* at 41); *see also Barse*, 2022 WL 2125381, at *1. South Dakota authorities later arrested Mr. Barse and charged him with aiding and abetting assault (ECF No. 7 at 78).   Mr. Barse pleaded guilty to the assault charge on September 14, 2020 (*id.* at 79–80).   He served 117 days in jail awaiting trial on that charge and was sentenced to time served. *Barse*, 2022 WL 2125381, at *1.   South Dakota officials released Mr. Barse from custody in September 2020 despite the nationwide warrant from Minnesota.  *See id*.   He resurfaced roughly a year later in North Dakota, where he was arrested on new charges and eventually returned to Minnesota on the nationwide warrant.  *Barse*, 2022 WL 2125381, at *1.

---

[1] For ease of reference, the Court cites to ECF docket and page numbers.

On September 3, 2021, a Minnesota district judge revoked Mr. Barse's probation after receiving testimony from Mr. Barse, Agent Bader and Mr. Barse's South Dakota probation officer. (ECF No. 27-103.) The judge found there was clear and convincing evidence Mr. Barse violated his terms of probation by failing to maintain contact with his probation agent and by failing to remain law abiding. (ECF No. 7 at 99.) Applying the factors established under *State v. Austin*, 295 N.W.2d 246, 250 (Minn. 1980), and *State v. Modtland*, 695 N.W.2d 602, 607 (Minn. 2005), the judge found the violations were intentional and inexcusable. (ECF No. 7 at 99.) The judge acknowledged Mr. Barse appeared to have done work in the community, but found the violations were serious and noted the court initially had been lenient in imposing stays of execution of his sentences. (*Id.* at 99-100.) Based on these findings, the judge concluded the need for confinement outweighed the policies favoring probation and that a failure to revoke Mr. Barse's probation would unduly depreciate the seriousness of his parole violations. (*Id.* at 100.)

Mr. Barse appealed the revocation decision on the ground that the district judge failed to adequately articulate how she applied the *Austin* and *Modtland* factors for probation revocation in Minnesota. (*Id.* at 104–22.) The *Austin* factors require a court to: "(1) designate the specific condition or conditions that were violated; (2) find that the violation was intentional or inexcusable; and (3) find that need for confinement outweighs the policies favoring probation." *Austin*, 295 N.W.2d at 250. Under *Modtland*, the court's analysis of the third *Austin* factor must take into account whether: (1) confinement is necessary to protect the public from further criminal activity; (2) the individual is in need of correctional treatment that is most effective while incarcerated; or (3) the failure to revoke probation would unduly depreciate the seriousness of the probation violations. *Modtland*, 695 N.W.2d at 607. "The district court must make adequate fact-specific findings to enable review, and it may not rely on a general recitation of the *Austin* factors."

3

*State v. Callender*, Case No. A21-1388, 2022 WL 1447814 (Minn. Ct. App. May 9, 2022) (citing

*Modtland*, 695 N.W.2d at 607).

Mr. Barse argued on appeal that the district judge merely recited the factors and failed to

make the particularized factual findings necessary under *Austin*'s third factor and the *Modtland*

subfactors (ECF No. 7 at 117–20).  He further argued that because the evidence showed the need

for confinement did not outweigh the policies favoring probation, reversal was required (*id.* at

120–21).  The Minnesota Court of Appeals rejected these arguments. *State v. Barse*, 2022 WL

2125381 (Minn. Ct. App. June 13, 2022).  The appellate court found that, though the district court

"could have elaborated further in its balancing … it did enough." *Id.* at 2.  The court agreed with

the district judge's reasoning that, since Mr. Barse received probation instead of a presumptive

executed prison term, he was entitled to "'less judicial forbearance' after a probation violation."

*Id.* (quoting *State v. Osborne*, 732 N.W.2d 249, 254 (Minn. 2007), and citing Minn. Sent.

Guidelines 3.B (2015)).  Based on this determination, and the district judge's finding that Mr.

Barse's continued violations of the law while on probation meant confinement was necessary, both

to protect the public and to avoid unduly depreciating the seriousness of his probation violations,

the appellate court concluded the district judge adequately applied the *Austin* and *Modtland*

factors. *Id.*

The Court of Appeals further found that the "record abundantly" supported the district

judge's conclusions.  The court observed that Mr. Barse did not challenge the allegation that he

aided and abetted aggravated assault, despite his duty to remain law abiding, and held the three-

year period during which Mr. Barse avoided contact with his probation officers "alone support[ed]

the district court's finding that the need to confine him outweigh[ed] the policies favoring

4

probation." *Id.* (citing *State v. Rotello*, 798 N.W.2d 92, 94–95 (Minn. App. 2011), *rev. denied*, (Minn. July 19, 2011)).  The Court of Appeals affirmed the revocation decision on these grounds.

Mr. Barse subsequently petitioned the Minnesota Supreme Court for review.  The Supreme Court denied his petition on August 23, 2022.  *See generally id.*  Mr. Barse filed the Petition for habeas relief presently before the Court on November 22, 2022.  (ECF No. 1.)

## II.   Standard of Review

The standard for a successful habeas petition under section 2254 is "intentionally difficult to meet."  *Woods v. Donald*, 575 U.S. 312, 316 (2015) (citations omitted).  Under 28 U.S.C. § 2254(d)(1), a federal court may grant habeas relief only when the state court's decision on the merits: (i) "resulted in a decision that was contrary to … clearly established Federal law, as determined by the Supreme Court of the United States;" or (ii) "involved an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States."  When Supreme Court decisions "'provide no categorical answer' to the issue at hand and do not 'squarely address[] the issue' presented, federal law is not clearly established for purposes of a § 2254 petition." *Young v. Symmes*, 06-cv-4246 (JRT/JJG), 2008 WL 4748569, at *2 (D. Minn. Oct. 28, 2008) (quoting *Wright v. Van Patten*, 552 U.S. 120, 125– 26 (2008)) (bracket in *Young*).

A state court's decision is contrary to clearly established federal law when, for example, the state court "applies a rule that contradicts the governing law set forth in [the United States Supreme Court's] cases[,]" or when it "confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme Court] and nevertheless arrives at a result different from [the United States Supreme Court's] precedents." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000) (brackets added).  A state court's decision is an "unreasonable application" of clearly

established federal law "if it identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011) (quoting *Williams*, 529 U.S. at 413). Under the unreasonable application clause, "relief is available … if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question[.]" *White v. Woodall*, 572 U.S. 415, 427 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Critically, habeas relief under these standards is available only if the state court's decision is contrary to *federal law*, that is, the laws or Constitution of the United States. *See Evenstad v. Carlson*, 470 F.3d 777, 788 (8th Cir. 2006) ("In conducting habeas review, a federal court is limited to deciding whether the decisions by the Minnesota courts were 'contrary to, or involved an unreasonable application of, clearly established *Federal law*, as determined by the Supreme Court.'") (quoting 28 U.S.C. 2254(d)(1)) (emphasis in the original). This Court therefore lacks authority to review the Minnesota courts' interpretation or application of Minnesota state law on a petition for habeas relief. (*Id.*)

### III.    Analysis

#### A.    Probation Revocation Claim

With respect to his claim that the Minnesota district court improperly revoked his probation, Mr. Barse argues the court did not correctly apply the factors derived from *Austin* and *Modtland*. (ECF No. 1 at 5.) He specifically argues the court failed to properly find that the need for confinement outweighed the policies favoring probation. (*Id.*) He contends on that basis that the court abused its discretion in revoking his probation. (*Id.*)

6

Mr. Barse's challenge to the state court's application of the factors established under *Austin* and *Modtland* is not cognizable in under section 2254 because these are not federal cases, but rather, Minnesota cases establishing Minnesota state law. Federal courts "lack the authority to review the Minnesota state courts' interpretation and application of state law, for 'federal habeas corpus relief does not lie for errors of state law ... [and] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" *Evenstad*, 470 F.3d at 782 (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). Because the *Austin* and *Modtland* factors are procedural requirements under Minnesota state law, this Court does not have the authority to review whether the district court adequately applied them. Since Mr. Barse fully exhausted this claim in state court and it is not reviewable in federal court on a habeas petition, the Court recommends dismissing it with prejudice. *See, e.g.*, *Clark v. Nebraska*, 8:17-cv-247, 2017 WL 3731007, at *1 n.1 (D. Neb. Aug. 29, 2017).

### B.    Conditional Release Claim

Mr. Barse's second claim is that the sentencing court exceeded its authority under Minn. Stat.§ 609.135, Subd. 2(c) and Minn. Stat. § 160A.20 in sentencing him to five years of conditional release on his driving while impaired conviction. (ECF No. 1 at 7.) For the above reasons, this Court lacks authority on habeas review to second-guess the Minnesota state courts' interpretations of Minnesota law. *Evenstad*, 470 F.3d at 782 (quoting *Estelle*, 502 U.S. at 67–68). The Court declines to do so here.

The Petition's only challenge under *federal* law with respect to the five-year conditional release term is a fleeting reference to *Blakely v. Washington,* 542 U.S. 296 (2004). (ECF No. 1 at 2.) To the extent Mr. Barse seeks to raise such a challenge, however, it fails both procedurally and on the merits. First, any challenge under *Blakely* is procedurally defaulted because Mr. Barse did

not raise it before the Minnesota Court of Appeals or the Minnesota Supreme Court (ECF No. 7 at 104–22; 143-50). He therefore failed to fairly present this federal law claim to the highest available state court before he sought habeas corpus relief in federal court. *See Walker v. Bosch*, 22-cv-1595 (WMW/LIB), 2022 WL 18401941, at *8 (D. Minn. Oct. 26, 2022) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845), *report and recommendation adopted*, 2023 WL 359601 (D. Minn. Jan. 23, 2023). Because he did not do so this claim is unexhausted, and the Court must dismiss it as procedurally defaulted if Mr. Barse cannot return to state court to exhaust it, unless he can demonstrate cause and prejudice for the default. *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (citing *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

Mr. Barse is prohibited from returning to state court to exhaust this claim under the state's "*Knaffla* rule". This rule dictates that "a petition for postconviction relief raising claims that were raised on direct appeal, or were known or should have been known but were not raised at the time of the direct appeal, are procedurally barred." *Andersen v. State*, 830 N.W.2d 1, 8 (Minn. 2013) (citing *State v. Knaffla*, 243 N.W.2d 737, 741 (1976)). Federal courts have repeatedly cited the *Knaffla* rule as grounds for holding a habeas petitioner's unexhausted claim arising from the Minnesota courts is procedurally defaulted. *See, e.g.*, *Murphy v. King*, 652 F.3d 845, 848–51 (8th Cir. 2011) (holding a habeas petitioner was procedurally barred from raising a claim he failed to exhaust to the Minnesota Supreme Court because it was *Knaffla*-barred).

There are two exceptions to the *Knaffla* rule. The rule does not apply: (1) if the claim is novel; or (2) the interests of fairness or justice warrant relief. *Andersen*, 830 N.W.2d at 8 (citation omitted). Neither of these exceptions applies here. The first exception does not apply because Mr. Barse's potential *Blakely* claim is not novel. Mr. Barse and his counsel were aware of all the

facts necessary to challenge the imposition of a five-year conditional release term under *Blakely* but chose not to appeal that decision. (*See* ECF No. 7 at 117–22.)

The second exception also does not apply. Mr. Barse claims he did not challenge the imposition of conditional release at the state district court level because his public defender told him he could not raise it until he appealed to the Minnesota Court of Appeals. (ECF No. 1 at 7.) He further claims he asked his appellate public defender for an "amendment" related to this issue but was told he could not amend his claims until he filed for habeas relief. (*Id.*) It is unclear what Mr. Barse means by "amendment," but his Petition obliquely appears to contend he should be permitted to raise this issue in the interests of fairness. The Court rejects any such argument as a basis for sustaining his habeas petition in this federal case because Mr. Barse's assertion that his public defender on appeal declined to file an "amendment" does not establish sufficient grounds for the Court to conclude he was in some way precluded from bringing a *Blakely* argument on direct appeal to the Minnesota Court of Appeals in the first instance. In other words, Mr. Barse's vague assertion is insufficient for the Court to find the interests of justice warrant an exception to the *Knaffla* rule. The Court thus concludes Mr. Barse's *Blakely* claim is procedurally defaulted. *See, e.g.*, *Perry v. State*, 731 N.W.2d 143, 147 (Minn. 2007) (finding that a *Blakely* challenge to a sentence was *Knaffla*-barred when neither of the exceptions to the rule applied).

Furthermore, to the extent Mr. Barse challenges the imposition of his conditional release term under *Blakely*, his claim fails on the merits. *Blakely* was a watershed United States Supreme Court decision, which held that the imposition of sentence above the prescribed statutory maximum for an offense must be submitted to a jury under the Sixth Amendment right to trial by a jury. *Blakely,* 542 U.S. at 313–14. Mr. Barse appears to contend that the imposition of a five-

year term of conditional release on his impaired driving condition exceeded the statutory maximum, such that sentencing judge was required to submit it to a jury under *Blakely*.

This argument appears to be premised on the mistaken belief that Minn. Stat. § 609.135, subd. 2(c)—which dictates that Minnesota courts cannot order a stay of execution of a sentence of "more than four years" for certain misdemeanor convictions—prohibited the judge from sentencing him to a five-year term of conditional release. But Mr. Barse was convicted of first-degree driving while impaired, which is a felony. (ECF No. 7 at 13); *see also* Minn. Stat. § 169A.24, subd. 2. A first-degree driving while impaired conviction subjects an individual to "the mandatory penalties described in section 169A.276." Minn. Stat. § 169A.24, subd. 2. And Minn. Stat. 169A.276, subd. 1(d) dictates that "when the court commits a person to the custody of the commissioner of corrections under this subdivision, it shall provide that after the person has been released from prisoner the commissioner shall place the person on conditional release for five years." Therefore, the five-year conditional release term the court imposed on Mr. Barse in revoking his probation not only did not exceed the applicable statutory maximum; it was mandatory. For this reason, any argument Mr. Barse might have brought in state court under *Blakely* would have been futile. The Court recommends dismissing Mr. Barse's conditional release claim accordingly.

The Court further recommends Mr. Barse's conditional release claim be dismissed with prejudice. The Court recognizes that when a habeas petition contains federal claims that have not been fully presented to the state courts, but state procedural rules do not bar the claims, a court on federal habeas review must defer action—either by dismissing the petition without prejudice or staying the case to allow for exhaustion in the state courts. *See Hines v. Smith*, No. 16-cv-2345

(DSD/SER), 2016 WL 11189801, (D. Minn. 2016) (describing the "stay and abeyance" procedure for otherwise viable, unexhausted claims).

Mr. Barse did not bring his conditional release claim to the Minnesota district court on a state petition for post-conviction relief pursuant to Minn. Stat. § 590.01, as it appears his public defender may have advised him to do. Exercising stay and abeyance would give him the opportunity to file such a petition. In this case, however, the Court recommends dismissing this claim with prejudice because, as discussed above, his potential *Blakely* claim is procedurally defaulted under *Knaffla* and would be futile in any event. *See Armstrong v. Iowa*, 418 F.3d 924, (8th Cir. 2005) (stating that whether to dismiss federal habeas claims with prejudice or to instead exercise "stay and abeyance" turns on whether the petitioner has a "non-futile state court remedy for his unexhausted claims"). Mr. Barse's Petition should be dismissed with prejudice in its entirety for the foregoing reasons.

### C.     Certificate of Appealability

A section 2254 petitioner cannot appeal an adverse ruling unless the reviewing court grants a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1). A court may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds the nonviability of Mr. Barse's habeas claims is not debatable by reasonable jurists. For this reason, the Court recommends no COA be issued in this matter. *See, e.g., Lang v. Dep't of Corr.*, 15-cv-1508 (DWF/BRT), 2015 WL 10007626, at *7 (D. Minn. Nov. 13, 2015) (so recommending), *report and recommendation adopted*, 2016 WL 471333 (D. Minn. Feb. 5, 2016).

11

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED THAT**:

1.    Mr. Barse's Petition for a Writ of Habeas Corpus (ECF No. [1]) be **DENIED**;

2.    This matter be **DISMISSED WITH PREJUDICE**; and

3.    No Certificate of Appealability be granted.


Dated: January 23, 2024                    *s/ Dulce J. Foster*
                                           Dulce J. Foster
                                           United States Magistrate Judge


## <u>NOTICE</u>

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).